J. W. WHIPPLE, ET AL., *v.* LOUISVILLE SCHOOL BOARD.

[Abstract Kentucky Law Reporter, Vol. 7—367.]

**No Valid Judgment in the Absence of Jurisdiction of the Person.**
> One can not be divested of title to real estate by an action in the nature of an ejectment without being a party to the action, and in the absence of any proof whatever, one can not by a pleading admit a fact for another not a party.

APPEAL FROM LOUISVILLE CHANCERY COURT.

November 21, 1885.

OPINION BY JUDGE PRYOR:

The result of the litigation between the appellants and the appellee presents a novel mode of acquiring title by one of the parties to the realty in controversy when recited from the facts before us.

The common schools of the city of Louisville, claiming to be entitled, under legislative enactment, to the estate, real and personal, located within the city limits, belonging to those who at their death left no heirs or distributees, and which but for the law giving the property to the schools would have escheated to the commonwealth, instituted this action in the name of the Louisville school board against Whipple and wife to recover the lot and ground described in the petition. The death of Low, who it is said owned the land, leaving one child surviving, and the death of the child without heirs or distributees, are facts alleged, and a recovery is sought against Whipple and wife, who are in the possession or claiming to be the rightful owners.

Whipple and his wife alleged by way of defense that one Earick was administrator of Low, and that after the death of the latter his widow left the state with her child in the year of 1838 or shortly after, and that Earick and his children have been paying taxes upon this lot for near half a century. In their original answer they alleged that the lot of ground was assessed in the name of Anna N. Earick and others who claimed to be the owners of the property, or the authorized agents of the heirs of Joseph Low, deceased; that the property being assessed in the name of Anna Earick, it was sold for the taxes due the state under a regular and proper assessment, the taxes amounting to $5 or $6, and purchased by the

50

appellants, and, the time expiring for redemption, a deed was made to them by the sheriff. An issue of law was made by a demurrer to the answer, bringing in question the validity of the assessment and the proceedings under it. Without stopping to inquire into the regularity of the proceedings under which this lot of ground was sold for taxes, it is difficult to say that the taxes due were paid into the state treasury, and raised by a sale of this property that is sufficiently identified to enable the parties and the court below to know that it is the property sold under the tax writ; and the state will not be allowed to say with the money in the treasury that the proceeding was void and no title passed. The claim of the appellee is through the state, and the public schools of the city are allowed to own or hold escheated property as a matter of favor by the state, and there is no rule of law, equity or justice that would authorize the state by its collecting officer to realize their taxes from a sale of this property, retain the purchase-money in its vaults and then recover the property upon the ground that it belonged to some one else than the heirs of Earick.

There is, however, a more formidable objection to the recovery than that already stated. The heirs of Low as well as the heirs of Earick have been divested of title by an action in the nature of an ejectment without being parties, and in the absence of any proof whatever. A and B are claiming the property of C, and by their own pleadings, without having C before the court, a demurrer is sustained to the defense of B and the property of C held to belong to A. In this case a possession or the payment of taxes by Earick and his family for near half a century is taken as true, with a claim either as the lawful owners or as agents distinctly alleged in the answer, and under an assessment and sale for the taxes of such irregularity as would authorize the purchaser's title to be questioned. The title has been vested in one who has no claim, without bringing Earick or dis descendants before the court. Besides there is nothing in the record showing that the child of Low died without heirs or distributees except the admission in his pleadings by a stranger to them, who is a defendant, and the averments by the party seeking recovery.

The pleading shows that Earick's heirs could give information if they acted as agents up to 1877, and they must have acted as agents or held the land in their own right. This case must go back

for further preparation, if the appellee can so amend its pleadings as to present a ground for recovery. If the pleadings are amended, Earick's heirs or distributees should be brought before the court, and if no amendment is filed the petition of the appellee should be dismissed. Reversed and remanded for further proceedings consistent with this opinion.

Judgment *reversed*.

*John S. Jackman, J. T. O'Neal, for appellants.*

*R. H. Blain, for appellee.*